IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,          §
                                   §
                    Plaintiff,     §
                                   § Criminal No. 3:15-CR-543-D
VS.                                §
                                   §
VINCENT DEON BROWN (2),            §
                                   §
                    Defendant.     §

MEMORANDUM OPINION
AND ORDER

Defendant Vincent Deon Brown ("Brown") moves to dismiss count two of the indictment. For the reasons that follow, the court denies the motion.

I

Brown is charged in count one of the indictment with the offense of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a).[1] He is charged in count two with using, carrying, brandishing, and discharging a firearm during and in relation to, and possessing, brandishing, and discharging a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).[2] Brown moves to dismiss count two, contending that it is duplicitous and fails to charge an offense. The government opposes the motion.

---

[1]He is also charged as an aider and abettor under 18 U.S.C. § 2.

[2]He is also charged as an aider and abettor under 18 U.S.C. § 2.

II

A

Count two of the indictment charges that Brown and other defendants

> aiding and abetting one another, did knowingly use, carry, brandish, and discharge a firearm, to wit: a pistol, during an[d] in relation to a crime of violence, namely, interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, as alleged in Count One of this indictment, for which the defendants may be prosecuted in a court of the United States, and the defendants, aiding and abetting one another, did knowingly possess, brandish, and discharge said firearm in furtherance of the commission of this offense.

> In violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

Indictment at 3.  Brown maintains that count two charges all defendants with using, carrying, possessing, brandishing, and discharging a pistol, and aiding and abetting these actions, and that these are separate offenses that require different actions and carry different ranges of punishment.  He contends that, when parsed, 18 U.S.C. § 924(c)(1)(A) criminalizes the following: using or carrying a firearm during and in relation to any crime of violence; possessing a firearm in furtherance of a crime of violence; brandishing a firearm during a crime of violence; and discharging a firearm during a crime of violence.  Brown posits that the first half of count two alleges four offenses: that defendants, aiding and abetting one another, used, carried, brandished, and discharged a firearm during and in relation to the robbery in count one, and that the second half of count two alleges three offenses: that defendants, aiding and abetting one another, possessed, brandished, and discharged a firearm in furtherance of count one.  According to Brown, count two charges seven offenses in total,

four of which carry minimum punishments that are greater than the five-year minimum sentence that applies for using, carrying, or possessing in furtherance.

The government responds that count two is not duplicitous, and that, even if it is, Brown has not shown any prejudice. It maintains that count two tracks the language of 18 U.S.C. § 924(c)(1)(A); that count two makes clear that each defendant is charged with the discharge under the aiding and abetting principle; that the government need only prove one of the listed offenses at trial, even though, as is common, count two uses the conjunctive; that the government will propose, and anticipates that the court will provide, jury instructions and a verdict form that direct the jury to consider each separate offense, as appropriate; and that even if the jury convicts Brown of possessing, brandishing, and discharging, the government will only seek the consecutive punishment for the most serious of the proven enhancement in § 924(c).

B

"An indictment suffers from duplicity when two or more distinct and separate offenses are joined in a single count." *United States v. Simpson*, 2011 WL 2880885, at *5 (N.D. Tex. July 15, 2011) (Fitzwater, C.J.) (citing 1 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 142, at 7 (4th ed. 2008)). "'An indictment may be duplicitous if it joins in a single count two or more distinct offenses.'" *United States v. Baytank (Hous.), Inc.*, 934 F.2d 599, 608 (5th Cir. 1991) (citing *United States v. Robin*, 693 F.2d 376, 378 (5th Cir. 1982)). "'[T]he test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of

- 3 -

an additional fact which the other does not.'"  *United States v. Tucker*, 345 F.3d 320, 337

(5th Cir. 2003) (quoting *United States v. Reedy*, 304 F.3d 358, 363 (5th Cir. 2002)).[3]  "In

determining whether an indictment is duplicitous, a court must assess whether the indictment

can be read to charge only one violation in each count."  *United States v. Roman*, 2010 WL

3294221, at *1 (W.D. Tex. Aug. 19, 2010) (citing *United States v. Sharpe*, 193 F.3d 852, 866

(5th Cir. 1999)).

> The Fifth Circuit distinguishes between "acts" and "offenses"
> for the purposes of assessing duplicity; more than one "act" may
> be included within a single count if the acts represent a single,
> continuing scheme and (1) the indictment adequately notifies the
> defendant of the charges pending; (2) does not subject the
> defendant to double jeopardy; (3) does not permit prejudicial
> evidentiary rulings at trial; and (4) does not allow the defendants
> to be convicted by a single, non-unanimous verdict.

*Simpson*, 2011 WL 2880885, at *5 (quoting *Roman*, 2010 WL 3294221, at *1).  "Even if the

court determines that the indictment is duplicitous because it charges two or more separate

and distinct offenses in one count, and that the indictment cannot be read to charge only one

offense in each count, 'this flaw *does not require dismissal* of the indictment.'"  *Id.* (quoting

---

[3]As this court explained in *Simpson*:

> The vice of duplicity is that there is no way for a jury to convict
> on one offense and acquit on another offense contained in the
> same count.  And a general verdict of guilty will not reveal
> whether the jury unanimously found the defendant guilty of
> either offense, both offenses, or guilty of one crime and not
> guilty of the other.

*Simpson*, 2011 WL 2880885, at *5 n.10 (internal quotation marks and citations omitted).

1 Wright & Miller, *supra*, § 145, at 94). "Rather, the court may 'require the government to elect the single count on which it plans to rely, and as long as the evidence at trial is limited to only one of the charges in the duplicitous count, the defendant's challenge is likely to fail.'" *Id.* (quoting 1 Wright & Miller, *supra*, § 145, at 94-95). "Additionally, the risk that the jury will convict without unanimity on a single charge can be eliminated 'if the court instructs the jury that it must find unanimously that the defendant was guilty with respect to at least one distinct act.'" *Id.* (quoting 1 Wright & Miller, *supra*, § 145, at 95). "Thus the court's instruction to the jury that, to convict the defendant of a particular offense, it must find unanimously that the defendant committed one distinct act is sufficient to ameliorate any potential prejudice to the defendant of a duplicitous indictment." *Id.*

C

The court will assume *arguendo* that count two is duplicitous. Even when an indictment is duplicitous, however, "reversal is not required if no prejudice results." *United States v. Miller*, 520 F.3d 504, 512 n.15 (5th Cir. 2008) (quoting *United States v. Lampazianie*, 251 F.3d 519, 526 (5th Cir. 2001)). The court concludes that Brown will not be prejudiced.[4]

---

[4]In *United States v. Cooper*, 966 F.2d 936 (5th Cir. 1992), the Fifth Circuit noted that "[t]he ban against duplicitous indictments derives from four concerns: prejudicial evidentiary rulings at trial; the lack of adequate notice of the nature of the charges against the defendant; prejudice in obtaining appellate review and prevention of double jeopardy; and risk of a jury's nonunanimous verdict." *Id.* at 939 n.3. Brown does not contend that the duplicitous nature of count two will result in prejudicial evidentiary rulings at trial, a lack of adequate notice of the nature of the charges against him, or prejudice in obtaining appellate review and prevention of double jeopardy.

The government states in its response:

> The government will propose, and anticipates the Court providing, jury instructions and a verdict form that direct the jury to consider each separate offense as appropriate. In other words, if the jury concludes Brown is guilty of the discharge, then their work is done and Brown would face a minimum 120-month sentence. But if the jury acquits him of the discharge, then they should be instructed to consider whether he brandished a firearm (or aided and abetted the brandishing) or, if not, whether he possessed a firearm (or aided and abetted the possession). And, if for whatever reason the jury convicts Brown of possessing, brandishing, and discharging, the government will only seek the consecutive punishment for the most serious of the proven enhancement in section 924(c).

Gov't Br. 3. The court agrees that jury instructions and a verdict form of the types the government describes would eliminate any potential prejudice. By instructing the jury regarding the essential elements of each offense, and providing a verdict form that separates each of the charged offenses, the court will avoid the vices associated with duplicity. *See Simpson*, 2011 WL 2880885, at *7 (noting that the court could eliminate the potential for jury confusion and prejudice by appropriate jury instructions, and that "[b]y instructing the jury regarding the essential elements of each offense, the court [would] avoid the vices associated with duplicity[.]").

Accordingly, the court denies Brown's motion to dismiss count two on the ground that it is duplicitous.

III

Brown next moves to dismiss count two on the basis that it fails to charge an offense.

A

Brown maintains that count two is a "is a hodge podge," and that "[w]hat it charges and how and why are open questions." D. Br. 3.  He contends that count two does not satisfy the requirements of *United States v. Cooper*, 714 F.3d 873 (5th Cir. 2013), for these reasons.

First, Brown asserts that it is unclear what *mens rea* is charged, because count two charges that defendants acted "knowingly," but discharging a firearm for § 924(c) purposes requires no *mens rea*, while brandishing one does.  Brown asks whether the government is subjecting itself to a higher burden of proof on discharging, or whether the government will claim that "knowingly" applies only to the other alternatives.  He questions how the government is using the term "knowingly," citing *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989), for the proposition that "requisite mental state for a violation of § 924(c) is knowledge of the facts constituting the offense," and *United States v. Aggrawal*, 17 F.3d 737, 744 (5th Cir. 1994), for the premise that "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

Second, Brown contends that although the significance of conjunctive pleading is not entirely clear under Fifth Circuit precedent, it is likely that, were this case to proceed to trial, the government could prove disjunctively that which it pleaded conjunctively, but that the jury charge "will be a complete mess." D. Br. 4.  This is so, he posits, because, under *Alleyne v. United States*, the jury must find any fact that increases the mandatory minimum

- 7 -

above five years, and four of the seven charges in count two have a mandatory minimum above five years.  And were Brown to plead guilty to count two, he might or might not be pleading guilty to discharging a firearm; presumably, he could plead guilty to possessing or brandishing, but he might be pleading guilty to everything, and he does not want to admit to discharging a firearm if he only brandished one.

Third, Brown questions which defendant is alleged to have done what.  He contends that the indictment names four defendants but identifies only one gun (a pistol) and asserts that the defendants aided and abetted one another in committing the offense.  He questions why the indictment charges the offense this way considering that the surveillance video shows that one defendant possessed and brandished a firearm that discharged while a second defendant brandished a firearm, but does not show the other two defendants doing anything that looks like aiding and abetting.  Brown complains that two defendants could have been charged with what the surveillance video shows them actually doing, but they were not; instead, all four are charged as they are.

The government responds that count two states all of the elements of the charged offense by charging all four defendants with using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, under theories of principal and aider-and-abettor liability.  It contends that all that it is required to prove is that (1) the offense occurred and (2) each individual either did the acts himself or aided and abetted in the commission of those acts, and that nothing more is required.  The government also posits that the indictment sufficiently puts Brown on notice of the crime with which he is being

charged. To the extent that Brown challenges whether he can be responsible as an aider and abettor of the unintentional discharge of the firearm by one of his accomplices (an argument that does not challenge the sufficiency of the indictment, but, instead, challenges the sufficiency of the evidence against him), the government argues that Supreme Court case law establishes that the government need only show "advance knowledge" that firearms would be used, and that even an accidental discharge of a firearm is sufficient to establish the discharge element of an offense under § 924(c).

B

The court holds that count two is sufficient to charge an offense. "An indictment is legally sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014) (quoting *Cooper*, 714 F.3d at 877). Count two charges Brown and three other defendants with knowingly using, carrying, brandishing, and discharging a firearm (a pistol) during and in relation to a crime of violence; and, aiding and abetting one another, knowingly possessing, brandishing, and discharging the firearm in furtherance of the commission of this offense. Count two alleges the following factual basis for the offense:

> On or about July 21, 2015, in the Dallas Division of the
> Northern District of Texas . . . the defendants, aiding and
> abetting one another, did knowingly use, carry, brandish, and
> discharge a firearm, to wit: a pistol, during an[d] in relation to
> a crime of violence, namely, interference with commerce by

robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, as alleged in Count One of this indictment, for which the defendants may be prosecuted in a court of the United States, and the defendants, aiding and abetting one another, did knowingly possess, brandish, and discharge said firearm in furtherance of the commission of this offense.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

Indictment at 3.

The indictment tracks the language of 18 U.S.C. § 924(c)(1)(A)(iii) by alleging that Brown, as a principal or an aider and abettor, used, carried, brandished, and discharged a firearm during and in relation to a crime of violence (interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a)), and, as a principal or an aider and abettor, possessed, brandished, and discharged a firearm in furtherance of that offense.[5]  The court concludes

_____

[5]18 U.S.C. §§ 924(c)(1)(A) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of

- 10 -

that count two of the indictment sufficiently charges an offense because it contains the

elements of the offense charged, alleges the factual predicate for the offense, informs Brown

of the charge against him, and poses no risk of future prosecution for the same offense.

Nor does the result change if the court assumes that § 924(c)(1)(A)(iii) does not

require that a defendant act with a certain *mens rea* (i.e., act "knowingly").  Under Fed. R.

Crim. P. 7(d), "[t]he court can treat as surplusage 'the allegation of additional facts beyond

those which comprise the elements of the crime[.]'" *United States v. Smallwood*, 2011 WL

2784434, at *10 (N.D. Tex. July 15, 2011) (Fitzwater, C.J.) (quoting *United States v.

Valencia*, 600 F.3d 389, 432 (5th Cir. 2010)).  "The purpose of [Rule] 7(d) is to protect the

defendant against prejudicial allegations of irrelevant or immaterial facts."  *Id.* (quoting 1

Wright & Miller, *supra*, § 128, at 641).  "The court can strike as surplusage any irrelevant

language that is unduly inflammatory and prejudicial in that it 'serve[s] only to inflame the

jury, confuse the issues, and blur the elements necessary for conviction[.]'" *Id.* (alterations

in original) (quoting *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)).  Assuming

*arguendo* that the allegation that defendants acted "knowingly" is irrelevant or immaterial,

the court can strike it under Rule 7(d).  But the inclusion of this *mens rea* is not a basis to

dismiss count two for failing to charge an offense.

Accordingly, the court denies Brown's motion to dismiss count two on the ground that

it fails to charge an offense.

---

imprisonment of not less than 10 years.

- 11 -

*    *    *

For the reasons explained, Brown's motion to dismiss count two of the indictment is

denied.

**SO ORDERED**.

October 18, 2016.


_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE